UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RYAN KIRK,

                                 Plaintiff,

       - against -

MOUNT VERNON CITY SCHOOL DISTRICT,

                                 Defendant.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 23-CV-7441 (CS)

Appearances:

Neil M. Block
Ingerman Smith LLP
Hauppauge, New York
*Counsel for Defendant*

Seibel, J.

     Before the Court is the unopposed motion to dismiss of Defendant Mount Vernon City School District (the "District"). (ECF No. 13.) For the reasons set forth below, Defendant's motion is GRANTED.

I.     **BACKGROUND**

     The Court accepts as true the facts, but not the conclusions, set forth in Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 12.)

     A.     **Facts**

     In September 2017, the District hired *pro se* Plaintiff Ryan Kirk to teach social studies at the Denzel Washington School of the Arts ("DWSA"). (SAC ¶ 7.) DWSA's principal Evelyn Collins, assistant principals Andrea Thomas and Charles Brown, and humanities department chairperson Kerry MacEntee supervised Plaintiff during his employment. (*Id.* ¶ 9.) In the District, new teachers serve a four-year probationary period, and at the end of that term, the

District either (1) offers tenure, (2) requires an additional probationary year or (3) terminates employment.  (*Id.* ¶ 18.)  On all observations conducted by the District over his first three years of probation, Plaintiff earned ratings of Effective or Highly Effective, and his ratings increased consistently over the years.  (*See id.* ¶¶ 10, 13.)  Plaintiff also had the highest student state exam pass rate of any social studies teacher in the District; during the 2018-2019 school year, principal Collins nominated Plaintiff to appear in the District's "Teacher Feature," which recognizes outstanding teachers; and Plaintiff never received a disciplinary letter.  (*Id.* ¶¶ 11-12, 14.)

Collins was responsible for making tenure recommendations to superintendent Kenneth Hamilton, who would make the final recommendation to the District's school board.  (*Id.* ¶ 18.) Plaintiff alleges upon information and belief that the school board "virtually always" makes its decisions based on the superintendent's recommendation, and that superintendent Hamilton always followed Collins's recommendations.  (*Id.*)

On January 15, 2021, Plaintiff was diagnosed with rectal cancer, and he informed Collins of his diagnosis that month.  (*Id.* ¶¶ 15-16.)  On or about February 11, 2021, Plaintiff requested an accommodation to work from home, which the District granted on or about February 13, 2021.  (*See id.* ¶ 17.)  Plaintiff continued to teach his full courseload while working remotely. (*See id.* ¶¶ 17, 20.)

Within a month of learning about Plaintiff's diagnosis, Collins observed Plaintiff, despite not having observed him since his first year of teaching at DWSA.  (*Id.* ¶ 19.)  Plaintiff alleges upon information and belief that Collins and the District observed him to find a pretextual excuse to deny him tenure.  (*Id.*)  On March 4, 2021, Collins called Plaintiff, informing him that she would not recommend him for tenure and instead would recommend him for an additional year of probation.  (*Id.* ¶ 20.)  When Plaintiff asked why, Collins responded, "I have been advised not

to recommend you for tenure because you will be out until June." (*Id.*)  During that conversation, Plaintiff complained to Collins that her reasoning was "discriminatory and unfair." (*Id.*)  Plaintiff alleges upon information and belief that before the phone call, Collins signed a form recommending him for an additional probationary year, and that after the call, she signed a separate form recommending him for termination, purportedly in retaliation for raising concerns about the alleged discriminatory conduct.  (*Id.* ¶ 21.)  On both forms, Collins indicated that she did not consider the observation evaluations from Plaintiff's first year, and she included an incomplete observation evaluation – both in violation of District policy.  (*Id.* ¶ 22.)

On March 8, 2021, assistant principal Thomas and humanities chairperson MacEntee contacted Plaintiff and hastily scheduled a Zoom call to discuss the recommendation for another probationary year.  (*Id.* ¶ 23.)  They informed Plaintiff that the recommendation was based on concerns regarding Plaintiff's professional responsibilities outside of classroom preparation and teaching, and provided multiple reasons for the decision, none of which had previously been discussed with Plaintiff.  (*See id.* ¶¶ 23-25.)  Plaintiff alleges that, despite having signed the form recommending termination days earlier, Collins stated in a sworn affidavit that she decided to recommend that Plaintiff be terminated after he was "confrontational" during the March 8 Zoom call with Thomas and MacEntee.  (*Id.* ¶ 26.)[1]

On or about March 22, 2021, Plaintiff spoke with Thomas and MacEntee via Zoom, and they informed Plaintiff that his employment was to be terminated.  (*Id.* ¶ 30.)  Sometime

---

[1] The affidavit to which Plaintiff refers appears to be one submitted by the District to the Equal Employment Opportunity Commission ("EEOC"), (ECF No. 15-2 at 24-29), in response to Plaintiff's Charge of Discrimination submitted to that agency, (ECF No. 15-1 (the "EEOC Charge")).  Citations to ECF Nos. 15-1 and 15-2 refer to the page numbers generated by the Court's Electronic Case Filing System.

thereafter, the assistant superintendent for human resources notified Plaintiff that he could resign to "preserve future employment prospects" or be involuntarily terminated. (*Id.*) Plaintiff chose to resign from his position. (*Id.*; *see* ECF No. 15-2 at 19.)

### B.     Procedural History

Plaintiff filed his initial complaint on August 22, 2023, bringing discrimination and retaliation claims under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (the "ADA"), and the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* (the "NYSHRL"). (*See* ECF No. 1 ¶¶ 1, 33-44.) On September 1, 2023, Plaintiff filed an amended complaint, alleging the same claims and attaching the May 31, 2023 Notice of Right to Sue issued by the EEOC. (*See* ECF No. 3 ¶¶ 1, 33-44; *see* ECF No. 3-1.) On October 16, 2023, the District filed a pre-motion letter in anticipation of its motion to dismiss. (ECF No. 10.) At the pre-motion conference, the Court granted Plaintiff leave to file a Second Amended Complaint. (Minute Entry dated Nov. 27, 2023.) On December 21, 2023, Plaintiff filed the SAC, which is the operative complaint, advancing the same four claims. (SAC ¶¶ 33-44.) On January 29, 2024, the District filed the instant motion. (ECF No. 13.) Plaintiff did not file any response. On April 19, 2024, the Court ordered that if Plaintiff did not contact the Court by April 29, 2024, the motion would be deemed fully submitted. (ECF No. 17.) Plaintiff has not contacted the Court or opposed the motion.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."  *Id.* at 679.  Deciding whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

While Plaintiff is *pro se*, he informed the Court at the pre-motion conference, upon inquiry, that he has a law degree.  He therefore he does not receive any special solicitude.  *See*

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*Bank v. Sirlin*, 830 F. App'x 690, 690 (2d Cir. 2020) (summary order) ("Bank is an attorney representing himself and thus he is not entitled to special solicitude."); *Colliton v. Bunt*, 709 F. App'x 82, 83 (2d Cir. 2018) (summary order) (*pro se* litigant, a former lawyer, was not entitled to special solicitude); *Aretakis v. Caesars Ent.*, No. 16-CV-8751, 2018 WL 1069450, at *5 (S.D.N.Y. Feb. 23, 2018) ("Although Plaintiff is proceeding *pro se*, he was once a practicing lawyer.  He therefore is not entitled to the solicitude that courts often afford *pro se* litigants."); *see also Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no [special] solicitude at all.").[3]

A plaintiff's failure to oppose a motion to dismiss "does not, without more, justify dismissal."  *James v. John Jay Coll. of Crim. Just.*, 776 F. App'x 723, 724 (2d Cir. 2019) (summary order).  "[T]he sufficiency of a complaint is a matter of law that the district court is capable of determining based on its own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010).

When deciding a motion to dismiss under Rule 12(b)(6):

> a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint. For a document to be considered integral to the complaint, the plaintiff must rely on the terms and effect of a document in drafting the complaint; mere notice or possession is not enough. And even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document, and it must be clear that there exist no material disputed issues of fact regarding the relevance of the document.

---

[3] The Court will send Plaintiff copies of any unreported cases cited in this Opinion and Order.

*United States of America ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021); *see Solano v. New York*, No. 20-CV-1378, 2021 WL 4134793, at *3 (N.D.N.Y. Sept. 10, 2021); *170 Mercer LLC v. Rialto Cap. Advisors, LLC*, No. 20-CV-2496, 2021 WL 1163649, at *2 (S.D.N.Y. Mar. 25, 2021).

In connection with its motion to dismiss, the District submitted Plaintiff's EEOC Charge filed with the EEOC and the New York State Division of Human Rights ("NYSDHR"), (ECF No. 15-1), and the District's position statement and accompanying exhibits submitted in response, (ECF No. 15-2). Plaintiff refers and relies on these documents in the SAC, (*see* SAC ¶¶ 4, 29), and I may consider them in ruling on this motion, although not for the truth of the matters asserted in them. *See, e.g.*, *Atherley v. N.Y.C. Dep't of Educ.*, No. 23-CV-383, 2024 WL 1345741, at *3 (S.D.N.Y. Mar. 29, 2024) ("Although Plaintiff did not attach a copy of the EEOC charge to [his] complaint, because Plaintiff specifically references and relies on the EEOC charge in [his] complaint, the EEOC Charge is incorporated into the Complaint by reference and thus properly considered on a motion to dismiss."); *Bernard v. Care Design N.Y.*, No. 20-CV-1527, 2022 WL 4484556, at *8 n.8 (S.D.N.Y. Sept. 27, 2022) (court may take judicial notice of EEOC charge "to show what date the claim was signed, but not for the truth of the assertions therein"); *Bamba v. U.S. Dep't of Homeland Sec.-FPS*, No. 19-CV-8646, 2021 WL 4478677, at *6 (S.D.N.Y. Sept. 30, 2021) (court may "take notice of the EEOC complaint for its existence and its timing"); *Castiblanco v. Am. Airlines, Inc.*, No. 17-CV-5639, 2019 WL 4751880, at *6 (E.D.N.Y. Sept. 29, 2019) ("Courts routinely consider EEOC charges in reviewing motions to dismiss federal discrimination claims which must have been timely filed with the EEOC.") (collecting cases); *Jeanty v. Newburgh Beacon Bus Corp.*, No. 17-CV-9175, 2018 WL 6047832, at *4 (S.D.N.Y. Nov. 19, 2018) (courts may take judicial notice of documents in public record,

including records of administrative bodies like the NYSDHR, but only "to establish the fact of such litigation and its outcome," not for the truth of matters asserted therein). As Plaintiff has not opposed the motion, he has raised no dispute regarding the authenticity of these documents.

## III.   DISCUSSION

### A.   Timeliness of Plaintiff's ADA Discrimination and Retaliation Claims

The District moves to dismiss Plaintiff's ADA retaliation and discrimination claims as time-barred. (*See* ECF No. 16 ("D's Opp.") at 7-9.) Before filing a lawsuit under the ADA, "a private plaintiff must first file a timely charge with the EEOC," *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011) (summary order), and in New York, that charge must be filed within 300 days of the alleged unlawful employment practice, *see Dent v. N.Y.C. Dep't of Educ.*, No. 22-CV-5357, 2024 WL 3362211, at *4 & n.6 (E.D.N.Y. Mar. 1, 2024); *Gilani v. Teneo, Inc.*, No. 20-CV-1785, 2022 WL 220087, at *8 (S.D.N.Y. Jan. 25, 2022); *De Figueroa v. N.Y.*, 403 F. Supp. 3d 133, 159 (E.D.N.Y. 2019); *see also Scott v. Rochester Gas & Elec.*, 333 F. Supp. 3d 273, 278-79 (W.D.N.Y. 2018) (300-day deadline applies to charges filed with either EEOC or NYSDHR under workshare agreement).

This requirement functions as a statute of limitations that bars a plaintiff's claims if an administrative claim is not timely filed. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (claim is time-barred if EEOC charge is not timely filed "within 300 days of the employment practice"); *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (to the same effect); *Cohen v. City of N.Y.*, No. 12-CV-1932, 2013 WL 4010196, at *3 (E.D.N.Y. Aug 5, 2013) ("In New York, an ADA claim is time-barred unless the plaintiff files a charge of discrimination within 300 days of the alleged unlawful employment practice."), *aff'd* 574 F. App'x 28 (2d Cir. 2014) (summary order); *Merisier v. Kings Cnty. Hosp.*, No. 15-CV-

2739, 2018 WL 1474176, at *3 (E.D.N.Y. Mar. 23, 2018) (administrative exhaustion requirement applies to *pro se* plaintiffs).

The failure to exhaust administrative remedies "should be treated as an affirmative defense, since statutes of limitation typically function as affirmative defenses in federal litigation." *Hardaway*, 879 F.3d at 491.  As an affirmative defense, a defendant bears the burden to plead and prove it, *see id.*, and the defense may be properly considered "where the circumstances are sufficiently clear on the face of the complaint and related documents as to make the time-bar ruling appropriate on a motion to dismiss," *Doe v. Nat'l Ramah Comm'n, Inc.*, No. 16-CV-6869, 2018 WL 4284324, at *4 (S.D.N.Y. Sept. 7, 2018); *see BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 603 F. App'x 57, 59 (2d Cir. 2015) (summary order); *Dent*, 2024 WL 3362211, at *4; *Rosario v. Loc. 1106 Transp. Works of Am.*, 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014).

This limitations period begins to accrue once the employee learns of the wrongful conduct, *see Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980), and "[i]n cases involving termination, the 300 days begins to run when the employee receives definite notice of termination, not upon his discharge," *Predun v. Shoreham-Wading River Sch. Dist.*, 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007); *see, e.g.*, *Ricks*, 449 U.S. at 258 (filing period began to run when tenure decision was made and communicated to plaintiff); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), *as amended* (July 29, 2003) (calculating statutory period from date plaintiff received "intent to terminate notification"); *Tsatsani v. Walmart, Inc.*, No. 19-CV-9063, 2020 WL 6688939, at *15 (S.D.N.Y. Oct. 26, 2020) (to the same effect), *report and recommendation adopted*, 2020 WL 6701019 (S.D.N.Y. Nov. 13, 2020); *Castiblanco*, 2019 WL 4751880, at *7 ("It is well settled that the proper focus in an employment discrimination case is

on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful.") (emphasis in original).

Here, Plaintiff alleges that he was told on March 22, 2021 by Thomas and MacEntee that he was being terminated, (*see* SAC ¶ 30), and the 300-day statutory period thus began running from that date, *see Ricks*, 449 U.S. 250 at 261 ("[L]imitations periods normally commence when the employer's decision is made.")*; Zerilli-Edelglass*, 333 F.3d at 80 (300-day period commenced after "plaintiff received the 'intent to terminate notification'"); *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir. 1985) (300-day period "starts running on the date when the employee receives a definite notice of the termination, not upon his discharge"). In other words, Plaintiff must have filed his EEOC charge by January 17, 2022 – within 300 days after he became aware of the decision to terminate him on March 22, 2021. But the EEOC Charge was signed on April 20, 2022, (*see* ECF No. 15-1 at 2),[4] which means that any claims arising from alleged violations that occurred before June 24, 2021 are time-barred. *See, e.g.*, *Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 649-50 (2d Cir. 2011) (summary order) ("[T]he Complaint fails to allege a violation of the ADA that falls within the 300-day window."); *Harris v. City of N.Y.*, 186 F.3d 243, 248 (2d Cir. 1999) (ADA claim based on injury outside the 300-day period was time-barred); *Atherley*, 2024 WL 1345741, at *9 (to the same effect); *Basso v. Willow Run Foods, Inc.*, 577 F. Supp. 3d 73, 80 (N.D.N.Y. 2022) (alleged discrete

---

[4] While Plaintiff alleges that he filed his EEOC Charge on December 22, 2021, (SAC ¶ 4), "a court need not accept as true pleadings that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice" when a Court is deciding the sufficiency of the complaint on a motion to dismiss. *Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 249 n.2 (E.D.N.Y. 2014); *see Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12-CV-1343, 2013 WL 1234836, at *8 (S.D.N.Y. Mar. 26, 2013). Here, the EEOC Charge filed with the District's motion – which I may consider for the reasons explained earlier in the text – shows that it was signed on April 20, 2022, not on December 22, 2021. (*See* ECF No. 15-1.)

discriminatory or retaliatory acts that fall outside the 300-day period are not actionable); *De Figueroa*, 403 F. Supp. 3d at 159 (plaintiff could not base ADA claims on allegations outside of 300-day window).[5]

Accordingly, Plaintiff's ADA discrimination and retaliation claims must be dismissed.[6]

## B.    State Law Claims

"[T]he traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction over any remaining state-law claims where all federal-law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having determined that the only claims over which this Court has original

---

[5] Even if the Court considers the pertinent alleged adverse employment action to be when Plaintiff informed the District of his resignation by letter on March 31, 2021, (*see* ECF No. 15-2 at 19), Plaintiff's EEOC Charge is still untimely as it would have to have been filed by January 25, 2022.

[6] In an excess of caution, I consider whether the statutory deadline should be equitably tolled. *See Calderon v. Cmty. Pres. Corp.*, No. 22-CV-7806, 2022 WL 16839520, at *3 (S.D.N.Y. Nov. 7, 2022) (300-day statutory period is subject to equitable tolling). Equitable tolling is appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Zerilli-Edelglass*, 333 F.3d at 80. In determining whether equitable tolling should apply, "a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81. While the Court is sympathetic to Plaintiff's cancer diagnosis, Plaintiff has not alleged facts suggesting that his condition prevented him from timely filing his EEOC charge or that there are unusual or exceptional circumstances present, and therefore has not shown that applying the doctrine is appropriate here. *See id.*; *see also Bailey v. Cheektowaga-Maryvale Union Free Sch. Dist.*, No. 23-CV-1083, 2024 WL 3228002, at *4 (W.D.N.Y. June 27, 2024) ("[Plaintiff] vaguely suggests that [he] may be entitled to equitable tolling. But [he] does not provide any details supporting that suggestion, let alone details demonstrating a rare and exceptional circumstance that might justify tolling.").

jurisdiction should be dismissed, and having considered the factors set forth in *Cohill*, I decline to exercise supplemental jurisdiction over Plaintiff's remaining NYSHRL claims, which are dismissed without prejudice.[7]

## IV.  LEAVE TO AMEND

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018).  "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff has already amended twice, (ECF Nos. 3, 12), including after having the benefit of the District's pre-motion letter outlining the grounds for its motion to dismiss, (ECF No. 10), and the benefit of the discussion at the pre-motion conference, (*see* Minute Entry dated Nov. 27, 2023).  Generally, the failure to fix deficiencies in an initial pleading, after being provided notice of those deficiencies, is alone sufficient ground to deny leave to amend.  *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first.  Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*."); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs

---

[7] In light of this disposition, I need not address the District's arguments regarding whether the EEOC charge would satisfy the state-law notice of claim requirement.

have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.").

Moreover, because the problems with the dismissed claims are substantive and "better pleading will not cure them," *Leschak v. Raiseworks, LLC*, No. 14-CV-8072, 2016 WL 11695068, at *10 (S.D.N.Y. Mar. 7, 2016), further amendment would be futile, *Trombetta v. Novocin*, 414 F. Supp. 3d 625, 634 (S.D.N.Y. 2019); *see Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 97 (S.D.N.Y. 2021) ("Here, the problem with [plaintiff's] claims is substantive, so amendment would be futile."); *Roundtree v. N.Y.C.*, No. 19-CV-2475, 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases).  Plaintiff's failure to exhaust his administrative remedies cannot be cured at this stage.  *See Khater v. API Indus., Inc.*, No. 16-CV-6695, 2017 WL 6515531, at *4 (S.D.N.Y. Dec. 19, 2017) (leave to amend was futile because plaintiff did not exhaust administrative remedies) (collecting cases); *Cohen*, 2013 WL 4010196, at *7 n.5 (leave to amend futile where purported amended claim accrued outside 300-day period).

Accordingly, the Court declines to grant leave to amend *sua sponte.*

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff's ADA discrimination and retaliation claims are dismissed with prejudice.  Plaintiff's NYSHRL

discrimination and retaliation claims are dismissed without prejudice.  The Clerk of Court is

respectfully directed to terminate the pending motion, (ECF No. 13), and close the case.

**SO ORDERED.**

Dated:  August 13, 2024
          White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.